JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHISHA AROMA, INC., <br><br>               Plaintiff, <br><br>   v. <br><br>AIR DISTRIBUTION USA, INC., *et al.*, <br><br>              Defendants. | Case No. 2:23-cv-09228-FLA (Ex) <br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

**RULING**

On October 9, 2023, Plaintiff Shisha Aroma, Inc. ("Plaintiff" or "Shisha Aroma") initiated this action against Defendants Air Distribution USA, Inc. ("Air Distribution"), Rob Maneson (together, "Defendants"), and DOES 1 through 25 in the Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). The Complaint asserts causes of action for breach of contract, fraud, and breach of the implied covenant of good faith and fair dealing. *Id.*

On November 1, 2023, Defendants removed the action to this court based on alleged diversity jurisdiction. Dkt. 1 ("NOR"). In its Notice of Removal, Defendants allege the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* On January 22, 2024, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 64. Plaintiff and Defendants both filed responses. Dkts. 68 ("Defs. Resp."), 71.

Having reviewed the Notice of Removal and both responses to this court's OSC, and for the following reasons, the court finds Defendants fail to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or

where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Defendant has the burden as the removing party to justify this court's exercise of jurisdiction.  *Id.* at 567.

  Here, the damages Plaintiff seeks cannot be determined from the Complaint, as it does not set forth a specific amount, and instead states "damages exceed[] $25,000 for contract claims."  Compl. ¶ 8.  In relevant part, Plaintiff alleges Defendants breached a Non-Exclusive Distribution Agreement between the parties by selling product to other distributors at lower prices than those offered to Plaintiff.  NOR at 4.  Defendants claim Plaintiff has alleged it should receive "credits and rebates on product it has already received, in excess of $75,000." *Id.*

  In support of its claim that Plaintiff has sought credits and rebates in excess of $75,000, Defendants rely on the declaration of Ali Al Hassan ("Al Hassan"), Air Distribution's key account manager.  Dkt. 1-7 ("Al Hassan Decl.").  Al Hassan attests he communicated with Plaintiff's owner, Ramzi Haifawi ("Haifawi"), who "sought a credit of $12 per master case with respect to 15,201 master cases shipped by Air Distribution … for a total of $182,412," as well as a "rebate of $4 per master case for the 39,500 master cases he purchased in Q2 of 2023 … for an additional total of $158,000." *Id.* ¶ 5.  Haifawi attaches a copy of an email purporting to memorialize this communication. *Id.*, Ex. 1.  However, the attached e-mail identifies the sender as

Al Hassan and the recipient as "Seef Jordan." *Id.* Neither the Notice of Removal nor Defendants' Response to the OSC identifies who Seef Jordan is or explains his connection to Plaintiff, and thus, Defendants fail to establish or authenticate that the amount in controversy between the named parties in the instant action satisfies the jurisdictional threshold.

Further, in its Response to the OSC, Defendants point to the declaration of Fahad Cheema ("Cheema"), Air Distribution's Chief Financial Officer, who testified that Plaintiff owed Air Distribution over $6,509,503. Defs. Resp. at 9. Cheema's declaration was submitted in support of Air Distribution's Applications for Right to Attach Order, Order for Writs of Attachment, and Temporary Protective Orders ("Applications"), which sought "a right to attach order and order for writ of attachment in the amount of $6,509,503.34[.]" Dkt. 18 at 2. The Magistrate Judge, however, denied Air Distribution's Applications for failure to establish, in relevant part, that its claim was a "fixed or readily ascertainable amount." Dkt. 41 at 3. Defendants' reliance on Cheema's declaration to place over $6 million in controversy, therefore, is similarly insufficient in this context. *See Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 795 (9th Cir. 2018) (requiring a removing defendant to "prove that the amount in controversy (including attorney's fees) exceeds the jurisdictional threshold by a preponderance of the evidence … [and] to make this showing with summary-judgment-type evidence").

Accordingly, Defendants have not met their burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Accordingly, there is no basis for diversity jurisdiction. *See Gaus*, 980 F.2d at 566 (finding any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court).

/ / /

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 23CMCV01619.  Defendants' Motion to Dismiss (Dkt. 14) is DENIED as moot.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: May 1, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge